UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KAREN JUNE WITT, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:21-cv-00111-GFVT |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| KILOLO KIJAKAZI, *Acting Commissioner* ) | **ORDER** |
| *of Social Security* ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Karen June Witt seeks judicial review of an administrative decision denying her claim for disability insurance benefits. Ms. Witt brings this action pursuant to 42 U.S.C. § 405(g), alleging error on the part of the administrative law judge who considered the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Ms. Witt's Motion for Summary Judgment [R. 9] and **GRANT** the Commissioner's [R. 11].

**I**

Plaintiff Karen June Witt applied for Title II disability insurance benefits on November 28, 2018, alleging disability beginning November 27, 2017. [R. 5-1 at 41, 186.] The Social Security Administration denied her claim on its initial review and again on reconsideration. *Id.* at 122, 127. Ms. Witt then requested a hearing, which was held before Administrative Law Judge Joyce Francis. *Id.* at 56. ALJ Francis denied Ms. Witt's claim. *Id.* at 38.

The Appeals Council declined to review the claim, rendering the ALJ's decision final. *Id.* at 27. Subsequently, Ms. Witt filed an action before this Court, seeking review under 42 U.S.C. § 405(g). [R. 1.] Both parties have now filed motions for summary judgment which are ripe for review. [R. 9; R. 11.]

## II

To evaluate a claim of disability for Title II disability insurance benefits, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520. If at any step the ALJ can find that the claimant is disabled or not disabled, the analysis stops. *Id.* § 404.1520(a)(4). First, if a claimant is performing substantial gainful activity, she is not disabled. *Id.* § 404.1520(a)(4)(i). Second, if a claimant does not have a severe impairment or combination of impairments, she is not disabled. *Id.* § 404.1520(ii). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. *Id.* §§ 404.1520(a)(4)(iii), (d).

Before moving on to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity, which assesses her ability to perform certain physical and mental work activities on a sustained basis despite any impairment. *See id.* C.F.R. §§ 404.1520(e), 404.1545. Under the fourth step, an ALJ uses a claimant's RFC to determine whether she is still able to do her past work. *Id.* § 404.1520(a)(4)(iv). If so, she is not disabled. *Id.*

Finally, if an ALJ assesses a claimant's RFC in conjunction with her age, education, and work experience and finds that the claimant cannot adjust to perform other jobs available in significant numbers in the national economy, the claimant is disabled. *See Id.* §§ 404.1520(g), 404.1560(c). Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

**A**

ALJ Francis completed the five-step analysis to determine Ms. Witt's disability status.[1] [R. 4-1 at 41–49.] She first determined that Ms. Witt had not engaged in substantial gainful employment during the period in which she claimed to be disabled. *Id.* at 44. Second, ALJ Francis found that Ms. Witt had the following severe impairments: obesity, degenerative disc, disease, and osteoarthritis status-post right knee total arthroplasty. *Id.* As part of her analysis, ALJ Francis found that the following conditions were not severe: GERD, vitamin B12 deficiency, hypertension and other cardiovascular related issues, and depression. *Id.* at 44–46. But at step three, ALJ Francis found that none of these impairments nor any combination of them met "or medically equal[ed] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 . . . ." *Id.* at 46.

Before proceeding to step four, ALJ Francis fashioned Ms. Witt's RFC. *See* 20 C.F.R. § 404.1520(e). After considering the record, ALJ Francis determined that:

> the claimant has the residual function capacity to perform light work as defined in 20 CFR 404.1567(b), except she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; can frequently be exposed to extreme heat, extreme cold, humidity, and vibration; can occasionally be exposed to wetness; and can frequently be exposed to unprotected heights or dangerous moving machinery.

[R. 5-1 at 46–47.]

To make this finding, ALJ Francis first determined that Ms. Witt's medically determinable impairments could reasonably be expected to cause her alleged symptoms. *Id.* at 47. But, ALJ Francis found that Ms. Witt's statements regarding the intensity, persistence, and

---

[1] Before completing the five-step analysis to determine whether Ms. Witt was disabled for the purposes of receiving disability insurance benefits, ALJ Francis determined that Ms. Witt remained insured through December 31, 2022. [R. 5-1 at 42, 43.] Accordingly, she must have been disabled on or before that date to be eligible for disability benefits. *Id.*

limiting effects of her symptoms were not entirely consistent with the medical and other evidence in the record. *Id.* After evaluating Ms. Witt's statements, treatment records, the opinion of APRN Delaney, and other medical consultants, ALJ Francis found that the objective, medical evidence indicated that Ms. Witt would likely fully recover from her osteoarthritis following her knee-replacement surgery. *Id.* at 47–49. ALJ Francis considered the likelihood of recovery indicative that Ms. Witt's "knee impairment would not warrant any additional limitations" beyond those set forth in the RFC. *Id.* at 49.

Next, ALJ Francis proceeded to step four. *Id.* She considered the testimony of a vocational expert and concluded that Ms. Witt would be able to perform her past relevant work as an administrative clerk. *Id.* Because step four indicated that Ms. Witt was not disabled, ALJ Francis did not continue to step five. *Id.*; *see* 20 C.F.R. § 404.1520(a)(4).

**B**

The Court's review of the ALJ's determination is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is said to be "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To decide whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). A reviewing court is restricted from making factual findings *de novo*, resolving conflicts in the evidence, or making credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Rather, if the Commissioner's decision is supported by substantial, legitimate evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

Ms. Witt takes issue with several findings that ALJ Francis made during this process. She argues that several of her conditions should have qualified as severe at step two. [R. 9-1 at 678.] She also asserts that the ALJ did not sufficiently credit her own descriptions of her conditions and her treating APRN's opinions in crafting an RFC. *Id.* at 679–83. Finally, she claims that the ALJ should have presented these additional conditions and limitations to the vocational expert during step four. *Id.* at 680.

1

There is substantial evidence to support ALJ Francis's findings regarding the severity of Ms. Witt's conditions. While Ms. Witt generally suggests that several of her conditions are severe, she only raises particularized objections regarding three of her impairments.[2] *See id.* at 678 (stating, without attempt at explanation, that her GERD and B12 deficiency were severe).

---

[2] Where a claimant fails to demonstrate that inclusion of a condition would change the ALJ's assessment of her functional limitations, a claimant's "cursory argument that the ALJ failed to denote [the condition] as a severe limitation is waived." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551–52 (6th Cir. 2014) (citing *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")).

Specifically, she asserts that her cardiovascular issues, her back impairments, and her depression are severe. *Id.* at 678–79.

First, Ms. Witt points to a transthoracic echocardiogram study that indicated she suffered from "hypertrophic cardiomyopathy, mildly increased left ventricular wall thickness, an estimated EG of 60-65%, mild pulmonic insufficiency, trace mitral regurgitation and trace tricuspid regurgitation" to suggest that her cardiovascular problems are severe. *Id.* Commissioner Kijakazi disputes Ms. Witt's presentation of this study, suggesting that an ejection fraction between 60 and 65 percent is normal. [R. 11 at 695.] However, this Court's role is not to resolve an evidentiary dispute. *Ulman*, 693 F.3d at 713.

Instead, even if Ms. Witt's echocardiogram does suggest to some degree that her heart condition is severe, the Court must uphold ALJ Francis's decision if substantial evidence supports it. *Id.* at 714. ALJ Francis determined that Ms. Witt's "cardiovascular issues are nonsevere because they do not significantly limit the ability to perform basic work activities" after reviewing treatment records that "regularly describe some limited EF findings, but largely normal functioning." [R. 5-1 at 44 (citing *Id.* at 385–411).] Because ALJ Francis based her determination on pertinent medical records, substantial evidence supports her determination that Ms. Witt's cardiovascular issues are not severe. *See Dotson v. Apfel*, No. 99-6163, 2000 U.S. App. LEXIS 25640, at *6 (6th Cir. Oct. 10, 2000) (ALJ's review of medical records can contribute to a finding of substantial evidence).

Second, Ms. Witt asserts that she has major depression. [R. 9-1 at 679.] ALJ Francis found that Ms. Witt's "depression does not cause more than minimal limitation in [her] ability to perform basic mental work activities and is therefore nonsevere." [R. 5-1 at 44.] To make that determination, ALJ Francis relied on four broad functional areas established by the disability

regulations for evaluating mental disorders. *Id.* (citing 20 C.F.R., Part 404, Subpart P, Appendix 1). ALJ Francis found that Ms. Witt had no limitation in understanding, remembering, or applying information; had mild limitation in interacting with others; had no limitation in concentrating, persisting, or maintaining pace; and had mild limitation with adapting or managing herself. *Id.* at 45. To make these determinations, ALJ Francis relied on consultative examinations, a frequent history of depression screenings with a score of zero, a limited history of documented treatment, and an in-person evaluation of Ms. Witt by Dr. William Rigby. *Id.* at 45–46.

      Against this, Ms. Witt argues that APRN Delaney prescribed her medication for depression and that Dr. Rigby diagnosed her with major depression. [R. 9-1 at 649.] While Dr. Rigby did diagnose Ms. Witt with major depression, he also found that it caused no more than mild impairment. [R. 5-1 at 531.] Because Dr. Rigby's opinion was consistent with those of other psychiatric consultants, ALJ Francis found it persuasive. *Id.* at 46. Again, this Court's role is not to resolve an evidentiary dispute as to whether Dr. Rigby's evaluation of Ms. Witt or whether APRN Delany's decision to treat her for depression is more persuasive. *Ulman*, 693 F.3d at 713; *Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 U.S. App. LEXIS 33278, at *5 (6th Cir. Dec. 1, 2022) (reviewing courts should not reweigh the evidence as to which medical opinion is more persuasive). This Court must simply decide whether ALJ Francis supported her findings with substantial evidence. *Id.* Because Ms. Witt does not suggest some flaw with Dr. Rigby's evaluation, ALJ Francis could rely upon it as substantial evidence that Ms. Witt's depression was not severe. *C.f. Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (no substantial evidence where reviewing psychiatrist did not have access to another doctor's evaluation).

Last, Ms. Witt complains that she "suffer[s] from more than simply degenerative disc disease as determined by the ALJ." [R. 9-1 at 679.] Although Ms. Witt discusses her back issue along with other conditions that ALJ Francis did not consider severe, ALJ Francis did find Ms. Witt's back issue to be severe. [R. 5-1 at 44.] Instead, Ms. Witt's issue seems to be that ALJ Francis called her back issue "simply degenerative disc disease . . . ." [R. 9-1 at 679.] She discusses an MRI that revealed complications with her spine that she claims are more extensive than ALJ Francis's description of her lower back issues. *Id.*

It is unclear to the Court why this matters. ALJ Francis considered Ms. Witt's back issue to be serious at step two. [R. 5-1 at 44.] And ALJ Francis took Ms. Witt's MRI into account while crafting an RFC. *Id.* at 47–48. As Commissioner Kijakzi points out, "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." [R. 11 at 695 (quoting *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019)).] The Court can find no error in ALJ Francis describing Ms. Witt's back condition as degenerative disc disease and later assessing her functional capabilities based on her MRI. [*See* R. 5-1 at 47–48.]

The record reflects substantial evidence in support of ALJ Francis's decisions regarding the severity of Ms. Witt's conditions. Accordingly, the Court must uphold her findings.

**2**

Next, Ms. Witt argues that ALJ Francis misapplied the law while weighing the evidence to craft an RFC. She claims that ALJ Francis failed to sufficiently defer to the opinion of APRN Delaney as her treating practitioner. She also suggests that ALJ Francis impermissibly rejected her own descriptions of her ailments only based on medical evidence. Neither argument accords with the law and the record.

a

Ms. Witt argues that the law compelled ALJ Francis to accord more weight to the opinions of her treating practitioner, APRN Kristin Delaney. [R. 9-1 at 680.] For claims filed before March 27, 2017, the disability regulations required ALJs to accord greater weight to the medical opinions of practitioners who have an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1527(c)(2). The current regulations eliminate this rule and instead require ALJs to evaluate the persuasiveness of medical opinions based primarily on two factors: supportability and consistency. *Id.* § 404.1520c(a); *Nasser*, 2022 U.S. App. LEXIS 33278, at *3. So, Ms. Witt's argument stems from a misapplication of law.

ALJ Francis correctly applied the current law. Ms. Witt filed her claim on November 28, 2018, which triggered 20 C.F.R. § 404.1520c. [R. 5-1 at 41.] ALJ Francis found APRN Delaney's opinion to be unpersuasive. *Id.* at 48. She based her determination on the two most important factors under the regulations, supportability and consistency. *See id.;* 20 C.F.R. § 404.1520c(a).

Under supportability, the regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). A medical opinion lacks supportability if it does not provide a sufficient rationale for its conclusions. *See Makela v. Comm'r of Soc. Sec.*, 2022 U.S. App. LEXIS 28980, at *17 (6th Cir. Oct. 17, 2022) (interpreting the term supportability under the prior regulations). ALJ Francis found that APRN Delaney's opinion lacked supportability due to the conclusory

9

nature of her findings. [*See* R. 5-1 at 48 ("the provider simply stated 'pain with lifting,' which is not supportive of any restrictions but rather narrative with no descriptive basis.")].

Under consistency, the regulations state that "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." 20 C.F.R. § 404.1520c(c)(2). ALJ Francis found APRN Delaney's opinion to be inconsistent with the evaluations of State agency physical consultants and physical therapy documents. [R. 5-1 at 48.] On review, this Court cannot reweigh the evidence regarding the consistency of APRN Delaney's opinion. *Nasser*, 2022 U.S. App. LEXIS 33278, at *5. Because ALJ Francis found that APRN Delany's conclusions are not consistent with the rest of the record, ALJ Francis could discount her opinion. *Id.* at *4

The current regulations only require an ALJ to discuss supportability and consistency when determining the weight to give a medical opinion. *Id.* at *3. Accordingly, ALJ Francis's decision to discount APRN Delaney's opinion was supported by substantial evidence.[3]

**b**

Next, Ms. Witt claims that ALJ Francis failed to articulate a valid reason for discrediting her own descriptions of her medical issues. [R. 9-1 at 679–70.] At her hearing, Ms. Witt "described back pain that prohibits prolonged standing or sitting also exacerbated by a right knee replacement." [R. 5-1 at 47.] However, based on her medical records, ALJ Francis observed that Ms. Witt had moderate osteoarthritis that "remained largely unchanged throughout the period at issue." *Id.* at 49. Once her knee worsened to the point it required surgery, Ms. Witt

---

[3] To support her argument that ALJ Francis committed reversible error by not giving more weight to APRN Delaney's opinion, Ms. Witt cites several Sixth Circuit cases that require deference to the opinion of a treating source. [*See* R. 9-1 at 681 (citing *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 752 (6th Cir. 2007)).] But these cases no longer apply. *Nasser*, 2022 U.S. App. LEXIS 33278, at *6. They "addressed the governing regulations before the codification of § 1520c, and thus required far more deference to a 'treating physician.'" *Id.* (citing *Bowen*, 478 F.3d at 747).

had a successful knee replacement.  *Id*.  She recovered from surgery well.  *Id*.  So, ALJ Francis concluded that Ms. Witt would likely make a full recovery within a year, restoring her to a moderate osteoarthritis.  *Id.*

Ms. Witt suggests that ALJ Francis solely relied on medical records to discredit her account of her impairments.  [R. 9-1 at 679–70.]  ALJs cannot reject a claimant's "statements about the intensity and persistence of [her] pain or other symptoms . . . solely because the available objective medical evidence does not substantiate [her] statements."  20 C.F.R. § 404.1529(c)(2); *accord Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994).  Other than medical evidence, ALJs should consider: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of her pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication she takes to alleviate her pain; (5) treatment other than medication; (6) any measures she uses to relieve her pain; and (7) other factors concerning her functional limitations and restrictions due to pain.  *See* 20 C.F.R. § 404.1529(c)(2)(i)–(vii); *Felisky*, 35 F.3d at 1039.  The regulations also permit ALJs to consider "observations by our employees and other persons."  20 C.F.R. § 404.159(c)(3).  ALJs do not have to include "a factor-by-factor discussion" of these considerations in their opinions.  *Storey v. Comm'r of Soc. Sec.*, No. 98-1628, 1999 U.S. App. LEXIS 8357, at *9 (6th Cir. Apr. 27, 1999).

Moreover, ALJs can make credibility determinations based on facts from a claimant's testimony.  *Id.* at *9.  Reviewing courts defer to an ALJ's findings regarding the credibility of the applicant because the ALJ can observe her demeanor and credibility.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  "Discounting credibility to a certain degree is

11

appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

In addition to the extensive medical evidence that conflicted with Ms. Witt's characterization of her pain, ALJ Francis included three non-medical reasons to discount Ms. Witt's testimony. First, ALJ Francis considered that "[t]reatment has remained conservative for this condition through most of the period at issue, initially treating using Tylenol as needed for pain . . . and injections." [R. 5-1 at 48 (internal citations omitted)]; *see* 20 C.F.R. § 404.1529(c)(2)(iv). Second, ALJ Francis considered an observation by a consultive examiner that Ms. Witt walked with a normal gait. [R. 5-1 at 48 (citing R. 5-1 at 528)]; *see* 20 C.F.R. § 404.1529(c)(3) (permitting consideration of "observations by our employees and other persons"). Third, ALJ Francis considered an inconsistency between the level of pain that Ms. Witt claimed during her hearing and the level of pain that she reported to doctors. [*Compare* R. 5-1 at 47 (claiming an average pain level of 7) *with id.* at 48 (describing a pain level of 4 to a doctor).]

ALJ Francis did not rely only on the objective medical evidence to find that Ms. Witt's account of her pain lacked credibility. *C.f. Felisky*, 35 F.3d at 1039 (ALJ *only* considered the medical record). Instead, ALJ Francis properly exercised her discretion to discount Ms. Witt's credibility. The record reflects substantial evidence in support of the RFC developed by ALJ Francis.[4]

---

[4] Ms. Witt raises two more issues with the RFC. She claims that ALJ Francis should have considered her age and the fact that she had a prescription for a cane. [R. 9-1 at 680, 682.]

As to her age, Ms. Witt claims that, because she was sixty when her conditions began, the ALJ should have found more limitations on her functional capacity. *Id.* at 682. However, ALJ Francis concluded the inquiry at step four, finding that Ms. Witt could return to her past relevant work. [R. 5-1 at 49.] Ms. Witt's age would only have been part of the analysis if ALJ Francis had continued to step five. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv)–(v), 404.1520(g)(1). Because ALJ Francis found Ms. Witt to not be disabled at step four, she properly concluded the analysis there. *Id.* 404.1520(a)(4).

3

Finally, Ms. Witt argues that the questions ALJ Francis presented to the vocational expert during step four were flawed. She suggests that, had ALJ Francis found all of her conditions to be severe and had ALJ Francis deferred to APRN Delaney, her residual functional capacity presented to the vocational expert would have been far more limited. [R. 9-1 at 680.] That may be true. But ALJs only have to incorporate those limitations that they accept as credible in their hypothetical questions presented to vocational experts. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). As discussed, ALJ Francis made her decision to deem some conditions not severe and to discount APRN Delaney's opinions based on substantial evidence. She was not required to incorporate additional limitations in her questions to the vocational expert.

III

Ms. Witt objects to several of the decisions that ALJ Francis made in rejecting her application for disability benefits. While the Court sympathizes with Ms. Witt's predicament, its role is not to retry her case. Instead, the Court finds that substantial evidence supported ALJ Francis's opinion. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Ms. Witt's Motion for Summary Judgment **[R. 9]** is **DENIED**, and the Commissioner's Motion for Summary Judgment **[R. 11]** is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

---

As to Ms. Witt's cane, she was prescribed a rolling walker following her surgery. [R. 5-1 at 657.] ALJ Francis considered the rolling walker and found it to be "only temporary until full recovery is reached at which point the record does not support medical necessity." *Id.* at 49. Ms. Witt does not address this finding, so the Court will consider it no further.

This the 7th day of February 2023.

Gregory F. Van Tatenhove
United States District Judge